# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN FLOYD VOSS,

    Petitioner,

vs.

GREG COX, et al.

    Respondents.

Case No. 3:11-CV-00223-LRH-(RAM)

**ORDER**

    Petitioner, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#3). The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to file an amended petition to correct some defects.

    After a jury trial in the Second Judicial District Court of the State of Nevada, petitioner was convicted of first-degree kidnaping and first-degree murder. Petitioner pursued a direct appeal and a post-conviction habeas corpus petition in the state courts. He then commences this action.

    The defective claims that the court describes in this order all suffer from the same problem: Petitioner has not alleged sufficient facts for the court to determine whether the claims have merit.

    In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Mayle v. Felix, 545 U.S. 644, 649 (2005).

A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243.  Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading.   If the court orders the State to file an answer, that pleading must "address the allegations in the petition."   Rule 5(b).

Id. at 656.

In ground 1(i), petitioner alleges that the state trial court failed to suppress or admonish the jury regarding hearsay statements and prior-bad-act evidence given by Kaylan J. Reedy.  Issues of state evidentiary law do not implicate any constitutional right unless they render the trial fundamentally unfair.  Estelle v. McGuire, 502 U.S. 62, 67-68, 75 (1991).  Petitioner does not allege what Reedy's testimony was, and thus the court cannot determine whether the court's ruling might have been constitutionally suspect.  Grounds 2(f) and 3(a), which are claims of ineffective assistance of trial counsel and of appellate counsel, respectively, for not raising this issue, suffer from the same defect.

In ground 1(*l*), petitioner alleges that the jury failed to follow its written instructions, thus erroneously finding petitioner guilty of first-degree kidnaping.  Petitioner does not allege what the instructions are, nor does he allege how the jury failed to follow them.

In ground 1(p), petitioner alleges that the state trial court allowed the prosecution to admit at trial the testimony of Linda Catherine Foust, which petitioner characterizes as irrelevant and prejudicial.  Again, issues of state evidentiary law do not implicate any constitutional right unless they render the trial fundamentally unfair.  McGuire, 502 U.S. at 67-68, 75.  Petitioner's allegations are too vague because he does not allege what Foust's testimony was.  Ground 3(b), which is a claim of ineffective assistance of appellate counsel for not raising this issue, suffers from the same defect.

Petitioner has submitted a motion for leave to file a longer than normal petition for writ of habeas corpus (#2).  The court grants this motion.

Petitioner has submitted a motion for summary judgment (#6).  This motion is moot because petitioner will need to submit an amended petition.

IT IS THEREFORE ORDERED that petitioner's motion for leave to file a longer than normal petition for writ of habeas corpus (#2) is **GRANTED**.

IT IS FURTHER ORDERED that petitioner's motion for summary judgment (#6) is **DENIED** as moot.

IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies.  Failure to comply with this order will result in the dismissal of grounds 1(i), 1(*l*), 1(p), 2(f), 3(a), and 3(b) from this action.

IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 3:11-CV-00223-LRH-(RAM), above the word "AMENDED."

IT IS FURTHER ORDERED, as per prior agreement, that the clerk of court shall add Attorney General Catherine Cortez Masto (listed under Cortez) as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her office.  Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED this 31st day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE