# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN FLOYD VOSS,

    Petitioner,

vs.

GREG COX, et al.

    Respondents.

Case No. 3:11-CV-00223-LRH-(RAM)

**ORDER**

    Petitioner has submitted an amended petition (#10). The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss several claims, and the court will direct respondents to respond to the remaining claims.

    Ground 1(d) concerns a partial vacation of petitioner's sentence. Originally, petitioner was convicted of first-degree murder with the use of a deadly weapon and first-degree kidnaping. At the relevant time, Nev. Rev. Stat. § 193.165 enhanced the sentence for murder by requiring an equal and consecutive sentence. On direct appeal, the Nevada Supreme Court held, "Because the jury was given a deadly weapon instruction requiring them to consider the type of knife used and because there was no such evidence presented, we conclude that Voss's sentence enhancement for using a deadly weapon cannot stand. Accordingly, we vacate Voss's sentence with respect to the deadly weapon enhancement." Motion for Summary Judgment (#6), Ex. D.

    Petitioner claims incorrectly that the Nevada Supreme Court should have vacated the entire conviction for both first-degree murder and the use of a deadly weapon. The Nevada Supreme Court did not hold that insufficient evidence existed to support the verdict for first-degree murder; it

1  held the opposite.  In Medley v. Runnels, 506 F.3d 857 (9th Cir. 2007), Medley was convicted in
2  California of murder and of discharge of a firearm during the course of a felony; the firearm count
3  enhanced the sentence by twenty years.  The court of appeals determined that a jury instruction on
4  the definition of a firearm was erroneous.  The court of appeals directed that the enhancement, not
5  the entire sentence, be vacated.  506 F.3d at 867-68.  The Nevada Supreme Court did not err by
6  doing the same thing.[1]  Ground 1(d) is without merit on its face.[2]

7  Ground 4 contains claims of errors in petitioner's post-conviction proceedings in state court.
8  "[A] petition alleging errors in the state post-conviction review process is not addressable through
9  habeas corpus proceedings."  Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also
10 Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997).  Ground 4 is without merit on its face.

11 Petitioner has submitted a motion for summary judgment (#11).  The court will deny this
12 motion and proceed on the briefing schedule outlined below.

13 Petitioner has submitted a motion for default judgment (#12).  This motion is without merit
14 for two reasons.  First, default judgment does not exist in federal habeas corpus.  Gordon v. Duran,
15 895 F.2d 612 (9th Cir. 1990).  Second, respondents did not fail to respond to the amended petition
16 (#10) because the court had not yet directed respondents to respond to the amended petition.  See
17 Rule 5(a), Rules Governing Section 2254 Cases in the United States District Courts.

18 Petitioner has submitted a motion to strike respondents' opposition to the motion for default
19 judgment (#14).  The court denies this motion because it is moot with the denial of the motion for
20 default judgment (#12).

21 IT IS THEREFORE ORDERED that the motion for summary judgment (#11) is **DENIED**.
22 IT IS FURTHER ORDERED that the motion for default judgment (#12) is **DENIED**.
23 IT IS FURTHER ORDERED that the motion to strike (#14) is **DENIED**.

---

[1] The decision in Medley left open the possibility of retrial on the firearm count because the error was in the jury instruction.  In petitioner's case, retrial on the deadly-weapon enhancement was not available.  "Because reversal for insufficiency of the evidence is equivalent to a judgment of acquittal, such a reversal bars a retrial."  McDaniel v. Brown, 130 S.Ct. 665, 672 (2010).

[2] Petitioner also alleges in ground 1(d) that insufficient evidence existed to prove that he committed first-degree kidnaping.  This allegation duplicates ground 1(c).

1   IT IS FURTHER ORDERED that grounds 1(d) and 4 of the amended petition (#10) are
2 **DISMISSED**.
3   IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date
4 of entry of this order to answer or otherwise respond to the amended petition (#10). If respondents
5 file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254
6 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from
7 the date on which the answer is served to file a reply.
8   IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if
9 appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or
10 other document submitted for consideration by the court. Petitioner shall include with the original
11 paper submitted for filing a certificate stating the date that a true and correct copy of the document
12 was mailed to the respondents or counsel for the respondents. The court may disregard any paper
13 received by a district judge or magistrate judge that has not been filed with the clerk, and any paper
14 received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.
15   DATED this 25th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE