# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN FLOYD VOSS,

Petitioner,

vs.

GREG COX, et al.

Respondents.

Case No. 3:11-CV-00223-LRH-(WGC)

**ORDER**

Before the court is petitioner's motion for leave of court to file a supplemental statement of claims (#43), respondents' opposition (#44), and petitioner's reply (#45). Respondents correctly note that the three grounds that petitioner wishes to present in the supplemental statement have not been exhausted in state court. See 28 U.S.C. § 2254(b). Petitioner claims that in a hearing regarding the state post-conviction proceedings, the district court ruled on its own motion on the factual bases of the claims. See Ex. 206 (#40). However, the state district court did not rule upon the factual and legal issues of those claims in its final order. See Ex. 208 (#40). In affirming the district court, the Nevada Supreme Court adopted the district court's final order. See Ex. 237 (#41). Supplementing a petition with unexhausted claims would be futile, and the court denies the request. Because the grounds are not exhausted, petitioner's other contentions are moot.

Also before the court is respondents' motion to dismiss (#25). Petitioner has not filed a response to the motion within the allotted time, and thus he consents to the granting of the motion. See LR 7-2(d).

Respondents first contend that petitioner has not exhausted his available remedies in state court for grounds 1(e), 1(f), 1(g), 1(h), 1(i), 1(j), 1(l), 1(m), 1(n), 1(o), 1(p), 1(q), 1(r), and 3(b). See 28 U.S.C. § 2254(b). After reviewing the record, the court agrees with respondents that petitioner never presented these claims to the Nevada Supreme Court. They are unexhausted.

Respondents argue in the alternative that some of the above-listed grounds are procedurally defaulted. The court will not rule upon this argument because the court has determined that the grounds are unexhausted.

Respondents next contend that grounds 1(h), 5(a), 5(b), and 5(c) are not addressable in a federal habeas corpus petition. Ground 1(h) is a claim that at trial the prosecution introduced evidence that had been seized illegally without a valid search warrant or petitioner's consent, in violation of the Fourth Amendment. Respondents argue, and the record shows, that petitioner had a full and fair opportunity to litigate this issue in state court. Consequently, ground 1(h) is not addressable in federal habeas corpus. Stone v. Powell, 428 U.S. 461, 481 (1976). Ground 5, although couched in terms of errors on direct appeal, is actually a claim of error in the state post-conviction proceedings. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997). The court will dismiss grounds 1(h)[1] and 5.

The amended petition (#10) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted grounds 1(e), 1(f), 1(g), 1(i), 1(j), 1(l), 1(m), 1(n), 1(o), 1(p), 1(q), 1(r), and 3(b), and proceed with the remaining grounds; he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 1(e), 1(f), 1(g), 1(i), 1(j), 1(l), 1(m), 1(n), 1(o), 1(p), 1(q), 1(r), and 3(b); or he may move to stay this action while he returns to state

---

[1]Because the court is dismissing ground 1(h), petitioner need not elect what to do with it, as he will need to do with the other unexhausted grounds.

court to exhaust grounds 1(e), 1(f), 1(g), 1(i), 1(j), 1(l), 1(m), 1(n), 1(o), 1(p), 1(q), 1(r), and 3(b). If Petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005).

Petitioner has submitted a motion to alter or amend judgment or order (#17), which the court construes as a motion to reconsider its dismissal of ground 1(d). See Order (#16). Respondents have submitted an opposition (#19), and petitioner has submitted a reply (#20). The basis of ground 1(d) is petitioner's conviction for murder with the use of a deadly weapon. The Nevada Supreme Court determined that no evidence existed to prove the use of a deadly weapon, and the Nevada Supreme Court vacated the deadly-weapon sentence enhancement and remanded for entry of an amended judgment to that effect. Ex. 71 (#29). In ground 1(d), petitioner claimed that the sentence for murder also should have been vacated. This court dismissed (#16) ground 1(d) for lack of merit because vacation of the sentence enhancement was the correct remedy.

To the extent that petitioner is arguing that this court interpreted ground 1(d) as a claim that the jury instruction was erroneous, he is incorrect. The court cited and discussed Medley v. Runnels, 506 F.3d 857 (9th Cir. 2007), as an analogy. Just as the Court of Appeals decided that vacation of the sentence enhancement was an appropriate remedy, so too was the similar decision of the Nevada Supreme Court.

Petitioner also argues that the use of a deadly weapon was a necessary element of the crime as charged in the indictment. The Nevada Supreme Court held that the use of a deadly weapon is not a necessary element of murder. Williams v. State, 671 P.2d 635, 636 (Nev. 1983).

Contained in petitioner's reply (#20) is a motion for clarification (#21). The paragraph immediately preceding this paragraph makes the motion moot.

Also contained in petitioner's reply is an application for a certificate of appealability (#22). Respondents have filed an opposition (#23), and petitioner has filed a reply (#24). The court will determine which issues deserve a certificate of appealability when it enters its final order. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. See also 28 U.S.C. § 2253. The court denies this motion.

IT IS THEREFORE ORDERED that petitioner's petitioner's motion for leave of court to file a supplemental statement of claims (#43) is **DENIED**.

IT IS FURTHER ORDERED that respondents motion to dismiss (#25) is **GRANTED** in part. Grounds 1(h) and 5 of the amended petition (#10) are **DISMISSED**.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this Court in a sworn declaration that he wishes to dismiss grounds 1(e), 1(f), 1(g), 1(i), 1(j), 1(l), 1(m), 1(n), 1(o), 1(p), 1(q), 1(r), and 3(b) of his amended petition (#10), and proceed only on the remaining grounds for relief; (2) inform this Court in a sworn declaration that he wishes to dismiss his amended petition (#10) to return to state court to exhaust his state remedies with respect to the claims set out in grounds 1(e), 1(f), 1(g), 1(i), 1(j), 1(l), 1(m), 1(n), 1(o), 1(p), 1(q), 1(r), and 3(b) of his amended petition (#10); or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in grounds 1(e), 1(f), 1(g), 1(i), 1(j), 1(l), 1(m), 1(n), 1(o), 1(p), 1(q), 1(r), and 3(b) of his amended petition (#10). Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds of his amended petition (#10) and proceed on the remaining grounds, respondents shall file and serve an answer to the remaining grounds within forty-five (45) days after petitioner serves his declaration dismissing those grounds. The answer shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

IT IS FURTHER ORDERED that petitioner's motion to alter or amend judgment or order (#17) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for clarification (#21) is **DENIED** as moot.

///

///

///

///

IT IS FURTHER ORDERED that petitioner's application for a certificate of appealability (#22) is **DENIED**.

DATED this 17th day of November, 2011.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE