# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN FLOYD VOSS,

    Petitioner,

vs.

GREG COX, et al.

    Respondents.

Case No. 3:11-CV-00223-LRH-(WGC)

**ORDER**

    Before the court are petitioner's submitted a motion for relief from order (#48) and respondents' opposition (#49). The motion is without merit, and the court need not wait for briefing to complete before ruling upon it.

    In granting respondents' motion to dismiss (#25), the court noted that petitioner had not filed a response to the motion within the time allowed by LR 7-2. Petitioner argues incorrectly that the court gave him forty-five days to respond to the motion. The court actually stated, "<u>If respondents file and serve an answer</u>, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply." Order (#16) (emphasis added). Respondents did not file an answer. They filed a motion to dismiss, which is an acceptable method of raising procedural defenses. <u>See</u> <u>White v. Lewis</u>, 874 F.2d 599, 602 (9th Cir. 1989). The briefing schedule given in the court's order (#16) does not apply to a motion to dismiss. Instead, the briefing schedule given in LR 7-2 applies.

1    Petitioner next argues unpersuasively that he was unable to file a response to the motion to
2 dismiss (#25) because his access to the prison's law library is limited.  He then describes a process
3 by which somebody outside of prison researches case law for him.  However, respondents did not
4 present novel arguments of law in their motion to dismiss (#25).  They argued that petitioner did not
5 exhaust his available state-court remedies for all of his grounds.  The court's instructions for filing a
6 habeas corpus petition pursuant to 28 U.S.C. § 2254 explain the exhaustion requirement.
7 Respondents presented the law regarding exhaustion accurately and in more detail in their motion to
8 dismiss (#25).  Respondents also served upon petitioner volumes of exhibits, so that petitioner could
9 determine and argue whether he had satisfied the exhaustion requirement.  Petitioner had all the
10 information before him to respond to the motion to dismiss (#25).

11    IT IS THEREFORE ORDERED that petitioner's motion for relief from order (#48) is
12 **DENIED**.
13    DATED this 2nd day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE